Blandford, J.
When this case was formerly before this Court ■ (September Term, 1884), it was held that, where a rule of a bank prohibited an officer therein from becoming its debtor, and its cashier, ■desiring to obtain money from the bank to purchase railroad, stock, .made an agreement with a third party by which the latter should .purchase two hundred shares of stock, the cashier advancing the money *290 of the bank to pay therefor, and that such third person should give-his note to the bank for the money, and deposit the stock as collateral security; and where this was done, and the cashier assumed the payment of the note, the stock being his; and where both parties knew the rule of the bank, this was an illegal transaction between the cashier and the third party, and the knowledge of the cashier in respect to it was not the’ knowledge of the bank, and did not bind it. Code, §3151.
Chisholm & Erwin, for plaintiff in error.
Geo. A. Mercer, for defendant.
(a) On a second trial it did not appear that the bank in any manner acquiesced in, consented to or ratified anything which the-cashier and the third party did, further than to hold the note of the third party and the securities pledged for its payment, which it had1 a right to do; and the charge of the court in respect to the plea of recoupment or set-off which plea alleged that the third party applied to-the cashier to sell the stock; that the latter agreed, but subsequently refused to confirm the sale or deliver the stock; and that it subsequently depreciated in value; and which sought to recoup the damage against the bank’s suit on the note, was erroneous, as being based on a hypothetical state of facts not warranted by the evidence.
2. The request to charge set out in the thirty-third ground of the motion for new .trial was legal and pertinent, and should have been given by the court.
3. The verdict of the jury is wholly without evidence to support it, and a new trial should have been granted on that ground. The last trial of this case developed no new facts, and the former ruling controls it..
Judgment reversed..